J-S53032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RENE RUIZ-MAYO, | : | |
| | : | |
| Appellant | : | No. 435 MDA 2015 |

Appeal from the PCRA Order entered on February 4, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s): CP-36-CR-0000024-2012;
CP-36-CR-0005678-2011; CP-36-CR-0005694-2011

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED SEPTEMBER 24, 2015**

Rene Ruiz-Mayo ("Ruiz-Mayo") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 3, 2012, Ruiz-Mayo, represented by John E. Churchville, Esquire ("Attorney Churchville"), entered a negotiated guilty plea to a variety of crimes.[1] The trial court accepted the negotiated plea and, on the

---

[1] Ruiz-Mayo pled guilty to three separate docket numbers. At docket number 5694-2011, Ruiz-Mayo pled guilty to one count of criminal attempt (homicide), four counts each of first-degree aggravated assault and second-degree aggravated assault, one count of firearms without license, and two counts of recklessly endangering another person. At docket number 5678-2011, Ruiz-Mayo pled guilty to one count each of firearms without license and receiving stolen property. At docket number 24-2012, Ruiz-Mayo pled guilty to one count each of delivery of cocaine and criminal use of a communication facility.

same date, imposed an aggregate prison sentence of twenty-five to fifty years. Ruiz-Mayo did not file a direct appeal.

Ruiz-Mayo filed his first PCRA Petition on June 25, 2012. The PCRA court appointed Christopher P. Lyden, Esquire ("Attorney Lyden"), as Ruiz-Mayo's counsel. Counsel filed a *Turner/Finley*[2] no-merit letter and Petition to Withdraw. The PCRA court issued a Pa.R.Crim.P. 907 Notice of intent to dismiss the petition, and Ruiz-Mayo did not file a response. The PCRA court granted Attorney Lyden's Petition to Withdraw and dismissed the PCRA Petition on March 21, 2013. Ruiz-Mayo did not file a Notice of Appeal.

Ruiz-Mayo filed the instant PCRA Petition on July 10, 2014. The PCRA court appointed Vincent J. Quinn, Esquire ("Attorney Quinn"), as Ruiz-Mayo's counsel. Attorney Quinn filed a *Turner/Finley* no-merit letter and Petition to Withdraw. The PCRA court issued a Pa.R.Crim.P. 907 Notice of intent to dismiss the Petition, and Ruiz-Mayo did not file a response. Thereafter, the PCRA court granted Attorney Quinn's Petition to Withdraw and dismissed the PCRA Petition. Ruiz-Mayo filed a timely Notice of Appeal.

On appeal, Ruiz-Mayo raises the following questions for our review:

1. Whether [Attorney] Churchville[] provided ineffective assistance of counsel during the guilty plea and sentencing phase, where [he] failed to file any post-sentencing motions on behalf of [Ruiz-Mayo,] [c]hallenging that [Ruiz-Mayo] was improperly sentenced to multiple inchoate crimes, and [that] the [trial] court [erred in] allowing the charge of attempted homicide to be amended to the original Information[?]

---

[2] *Commonwealth v Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 230 (Pa. Super. 1988) (*en banc*).

2. Whether [Attorney] Lyden[] provided ineffective assistance of counsel to [Ruiz-Mayo], when [Attorney] Lyden was assigned to [Ruiz-Mayo's] timely filed[] [first PCRA Petition], which was docketed in the Clerk of Court's Office for Lancaster County[] on June 25, 2012[?]

3. Whether [Attorney] Quinn[] provided ineffective assistance of counsel, where [Attorney] Quinn[] was appointed to represent [Ruiz-Mayo for his second PCRA Petition] Motion for Post-Conviction Relief, and sought to withdraw from the case without perfecting [Ruiz-Mayo's] claims on the [second PCRA Petition?]

4. Whether all appointed counsels['] ineffective representation of [Ruiz-Mayo] denied [Ruiz-Mayo] the opportunity to fairly present the claims[,] which were ripe for appellate review[,] to the [trial] court on a Post-Conviction Motion/Petition[?]

5. Whether the compiled acts of all assigned counsel[] constitute[] an exception to § 9545(b)(1)[] "Time For Filing Petition[,]" [as the] acts of all assigned and appointed counsel resulted in a substantial waiver and denial of [Ruiz-Mayo's] constitutional rights[?]

Brief for Appellant at 3-4 (unnumbered) (capitalization and emphasis omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date that the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence

becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Ruiz-Mayo's judgement of sentence became final on May 3, 2012, upon the expiration of the thirty-day period for filing a direct appeal of his conviction. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Ruiz-Mayo had until May 3, 2013, to file a timely PCRA petition. However, Ruiz-May did not file the instant Petition until July 10, 2014, which is beyond the one-year timeliness requirement for filing a PCRA petition.

However, we may address an untimely PCRA petition where the appellant pleads and proves one of three statutory exceptions: (i) the failure to raise the claim was the result of government interference; (ii) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (iii) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must be filed within sixty days of

- 4 -

the date the claim could have been presented. *Id.* § 9545(b)(2); *Albercht*, 994 A.2d at 1094.

Here, Ruiz-Mayo invokes the newly-discovered facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), by claiming his counsel abandoned him. Brief for Appellant at 26 (unnumbered). Ruiz-Mayo does not fulfill the requirements of section 9545(b)(1)(ii) because he knew his counsel could withdraw at any time. Further, Ruiz-Mayo does not demonstrate that he filed the instant Petition within 60 days of the discovery of an unknown fact. Accordingly, Ruiz-Mayo failed to meet the requirements of the second timeliness exception, and we cannot address his claims.

Moreover, Ruiz-Mayo raises various ineffective assistance of counsel claims. Brief for Appellant at 9-31 (unnumbered). However, ineffective assistance claims do not implicate an exception under section 9545(b)(1). *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").[3] Thus, the PCRA court properly dismissed Ruiz-Mayo's PCRA Petition.[4]

---

[3] Ruiz-Mayo raises various claims regarding Attorney Lyden's *Turner/Finley* no-merit letter. However, upon our review, Attorney Lyden fulfilled all of the requirements of *Turner/Finley*. *See* PCRA Court Opinion, 5/1/15, at 2-3. Moreover, Ruiz-Mayo did not raise his ineffective assistance claims regarding Attorney Lyden in a response to the PCRA court's Pa.R.Crim.P. 907 Notice of intent to dismiss the first Petition. *See Ford*, 44 A.3d at 1198. Similarly, Ruiz-Mayo did not raise his ineffective assistance claims regarding Attorney Quinn in a response to the PCRA court's Pa.Crim.P. 907 Notice of intent to dismiss the instant Petition. *See id.*

- 5 -

J-S53032-15

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015

---

[4] Ruiz-Mayo's claim that the PCRA court erred in dismissing his PCRA Petition, without first holding an evidentiary hearing, is without merit. "[T]he right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." **Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011). In this case, where Ruiz-Mayo filed an untimely PCRA Petition and did not plead and prove an exception to the timeliness requirement, we conclude that the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing. **See id.**

- 6 -